IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RANDY CHAMBLESS,
ADC #119569                                                                                         PLAINTIFF

v.                                    4:09CV00027JLH/HLJ

SALINE COUNTY
DETENTION FACILITY, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #67). Plaintiff has filed a response in opposition to the motion (DE #79).

Plaintiff, a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging numerous constitutional violations while he was incarcerated at the Saline County Detention Facility (Jail) from September 24, 2008 until sometime in January, 2009. Plaintiff alleges he entered the Jail with a degenerative disc disease and was not treated in response to his sick call requests concerning this disease. Plaintiff also alleges inmates were exposed to bug spray, defendants ignored a request for dental treatment, and inmates were required to share electric clippers. Plaintiff's specific allegations against defendants are as follows: 1) defendant Reed told him the Jail was not required to test for tuberculosis and she was verbally abusive to him; 2) defendant Pennington's

administration confiscated mats from the cells during the daytime; 3) defendants Westbrook and Files confiscated mats for two days and one night; and 4) defendant Pennington forwarded one of his grievances to defendant Lobbs. Plaintiff asks for monetary relief from the defendants.

According to plaintiff's complaint and mostly undisputed facts set forth by the parties, plaintiff was incarcerated at the Jail while being held for the ADC from September, 2008 until January, 2009. Plaintiff alleges defendants did not return his sick call requests and often did not respond to grievances. He also states defendant Reed was verbally abusive to him when he submitted a grievance to her and told him the County was not responsible for his medical care. He also alleges defendant Reed told him they were not required to test inmates for tuberculosis. Plaintiff also alleges he submitted a sick call request for a sore on his buttocks in December, 2008, and did not receive treatment for it. Finally, plaintiff alleges that beginning January 1, 2009, the mats in the cells were confiscated from 7 a.m. until 10 p.m., and the lack of a mat in his cell aggravated his medical condition. Plaintiff also alleges that the mats were confiscated for two days and one night after several inmates caused problems in the Jail.

## II. Summary Judgment Motion

A. Defendants' Motion

In support of their motion, defendants state they are entitled to qualified immunity, because plaintiff can not show the deprivation of any constitutional right. Defendants also state plaintiff's allegations do not rise to the level of deliberate indifference to his serious medical needs. Defendants note that while plaintiff alleges a serious medical need, he has provided no medical proof to support this allegation. In addition, defendants state they informed the ADC concerning plaintiff's medical complaints and received a response from the ADC that "no emergent need [was]

3

presented." DE #67, Ex. 1. Defendants also state plaintiff provides no proof of a sore on his buttocks or that failure to treat such caused him any injury. Defendants state plaintiff has provided no proof of deliberate indifference on their part, and provide medical records to show plaintiff was given numerous non-prescription medications on twenty-eight separate occasions. With respect to plaintiff's allegations concerning the confiscation of the mats, defendants state such does not rise to the level of a constitutional violation, citing Smith v. Copeland, 892 F.Supp. 1218, 1230 (8th Cir. 1995). Finally, defendants note plaintiff has not specifically alleged deliberate indifference by any of them to support a finding of a constitutional violation.

B. Plaintiff's Response

In response, plaintiff asks the Court to deny the defendants' motion for summary judgment, stating they are trying to "wiggle" out of their responsibility.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-

movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

1) General medical/deliberate indifference allegations - Initially, the Court notes that with

5

respect to plaintiff's medical allegations, he does not allege any specific unconstitutional actions by any of the named defendants. Plaintiff's allegations of failure to adequately treat his degenerative disc condition and the sore on his buttocks are not directed toward any specific defendant. Following the filing of his original complaint, the Court directed plaintiff to file an amended complaint, and to specifically state the name of each individual personally involved in the actions at issue and how each individual violated his rights. However, in the amended complaint which plaintiff filed in response, DE #17, his allegations are not directed to any of the named defendants.

In their response to plaintiff's motion, defendants do, however, submit proof of having provided numerous non-prescription drugs to the plaintiff, and also of contacting the ADC concerning plaintiff's medically-related complaints. According to the Health Services Request Form submitted by the Saline County Jail to the ADC on November 6, 2008, (DE #67, Ex. 1) plaintiff's complaint was as follows: "diagnosed degenerative disc disease w/spurs hitting nerves on C6 & C7. This causes numbness, burning & pain. Also I have chronic headaches. Pulaski County Jail and ADC has copies of my medical records. Medications include: Tramadol, flexural, amphitripaline & Ibuprofen 600 mg as needed." The response received from the ADC was: "chronic issues will be accommodated @ intake. No emergent need presented."

In addition, the Court notes that while plaintiff alleges pain caused by his back condition, he alleges no other injuries associated with the lack of appropriate medical care. He also alleges no injuries associated with defendants' failure to respond to a dental request, the exposure to bug spray, and the sharing of electric clippers among inmates. According to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) (PLRA), an inmate may not file a federal civil rights action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Siglar

v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), the Court examined the "physical injury" requirement of the PLRA and concluded that "the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,'" quoting Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). This "de minimis" standard has been defined as requiring a "common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury?" Luong v. Hatt, 979 F.Supp. 481, 486 (N.D.Texas 1997). In Luong, the Court held that an scratches, minor abrasions, and contusions constituted a de minimis injury, stating, "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks."

Although the Siglar case concerned an Eighth Amendment allegation of excessive force, and the Luong case concerned an Eighth Amendment allegation of failure to protect, the physical injury requirement also has been applied in Eighth Amendment denial of adequate medical care cases. In Leon v. Johnson, 96 F.Supp. 244 (W.D.N.Y 2000), the Court cited Siglar in support of the physical injury requirement, in a case alleging a denial of adequate medication. In addition, in Hammond v. South Carolina Department of Corrections, 2007 WL 2822394 (D.S.C. 2007), the Court stated plaintiff could not prevail on his denial of adequate medical care claim absent a showing of having suffered any serious injuries or that his medical needs were serious or life threatening.

As noted earlier, although plaintiff alleges a failure to treat his degenerative disc condition and a sore on his buttocks, he provides no evidence supporting his claim, and further does not allege

7

any injuries caused by the lack of appropriate treatment. Furthermore, plaintiff does not specifically direct any of these allegations against any of the five remaining defendants. Therefore, the Court finds no material dispute of fact and that defendants are entitled to judgment as a matter of law on this deliberate indifference claim.

2) Defendant Reed - Plaintiff's allegations against defendant Reed are that she told him the Jail was not required to provide tuberculosis testing and that she was verbally abusive to him. Again, with respect to the tuberculosis allegation, plaintiff does not allege any injury suffered as a result of not receiving a tuberculosis test. Therefore, this allegation does not support a constitutional claim. Furthermore, "mere verbal threats made by a state-actor do not constitute a § 1983 claim." Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992).

3) Defendants Pennington and Lobbs - plaintiff's allegations against these two defendants concern failure to respond to grievances which were submitted to them. However, a defendant's failure to respond to a grievance does not rise to the level of a constitutional violation. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff's allegations concerning the confiscation of mats, beginning January 1, 2009, also appear to be directed toward defendant Pennington. Plaintiff does not, however, allege any specific injury caused by the confiscation of the mats for several days during January, 2009. In Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995), the Court stated, "we have held there is no absolute Eighth Amendment right not to be put in a cell without clothes or bedding," citing Johnson v. Boreani, 946 F.2d 67, 71 (8th Cir. 1991). In addition, the Court noted in that case the plaintiff did not provide evidence of having suffered any injuries or that his health was impaired as the result of a four-day confinement in a strip cell, and that the most shown was that the inmate suffered from "discomfort." Similarly in this case, plaintiff does not allege any specific

injury as a result of no mats in his cell during the day, or of any impairment to his health. Therefore, the Court finds plaintiff does not provide any specific facts showing that there is a genuine issue for trial.

3) Defendants Westbrook and Files - Similarly, plaintiff's allegations against these defendants, of confiscating mats for two days and one night, fail to support a constitutional claim against them.

In conclusion, the Court finds plaintiff's allegations against defendants of deliberate indifference to his medical and safety needs are unsupported by any evidence, and as a matter of law, his claims against defendants should be dismissed, with prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #67) is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 10th day of February, 2010.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge